Hillsborough, }
  Jan. 6, 1931. }

MARY ROULEAU *v.* MAURICE A. BLOTNER.

DORIS ROULEAU *per pro. ami v.* SAME.

*Sullivan & White* and *George A. Wagner*, for the plaintiffs.

*O'Connor & Saidel*, for the defendant.

PEASLEE, C. J.   This is an automobile collision case.   The defendant's servant was driving a heavy truck northerly on Birch Street, in Derry, on the morning of November 11, 1926.   There was a considerable amount of traffic moving in the opposite direction.   The driver desired to turn west into an intersecting street, called South Avenue.   He moved along at about five miles an hour, waiting for a break in the other line of traffic.   When the way was cleared and the car in which the plaintiffs were riding was from one hundred and fifty to two hundred feet distant, approaching from the north, he turned across the south bound line of travel into the avenue.

The plaintiffs' driver saw the truck when it was just south of the

avenue and thought it was standing still. The road was straight and the view unobstructed, but he thereafter confined his observation to the clear road within twenty feet of his car and did not look as far down as the avenue again until he saw the truck across his path and about twenty feet from him.

One ground of negligence claimed is the alleged lack of a signal that the defendant's driver was about to turn. It is doubtful whether the evidence would sustain a finding of failure to signal, but it is not necessary to decide the point. Conceding that it could be found, it cannot be made the basis for a recovery here.

Negligence, to be actionable, must be causal. And since the evidence is conclusive that the plaintiffs' driver would not have seen the signal, if given, its absence would be no ground for complaint. In this the case differs radically from those relied upon, wherein there was no warning by sound of an approaching object. Such a signal forces itself upon the unobserving party. But if he were a deaf man, the failure to sound whistle, bell or horn would be immaterial.

The only other claim of fault is the general ground that it was careless to attempt to make the turn when and as the defendant's servant did. Traffic has the right to move in a reasonable way; and a driver may rely upon the proposition that other drivers will use due care, unless there be something to inform him that such is not the fact. *Gendron* v. *Glidden, ante,* 162. The large truck was an object which could not escape the observation of any oncoming careful driver. The plaintiffs' car was at least a hundred and fifty feet distant when its driver would see the truck turning across his path, if he looked. The intervening distance was sufficient several times over for him to stop. Moreover, he did not need to stop. If he had slowed down he could have passed to the rear of the truck while still going at a moderate rate of speed for a thickly settled village street. No rule of law required the defendant's servant to anticipate that the plaintiffs' driver would confine his observation to the space twenty feet in front of his car while driving from twenty to thirty-five miles an hour. The situation as the defendant's servant saw and judged it justified him in making the turn, and he could not be found to be in fault in so doing.

An admission of fault is alleged to be shown by the evidence that when blamed by the plaintiffs' associates the defendant's driver said that he wasn't going to wait there all day. Assuming that this statement was so intimately connected with the occurrence in question as to be evidence against the defendant, it furnishes no ground for the

position taken. It was a justification of the driver's conduct, rather than an admission of fault. It is neither unlawful nor negligent for one of two drivers with equal right to demand that he shall not do all the waiting.

The further claim that the driver admitted in his testimony at the trial that he took a chance in crossing as he did is not borne out by the record. The question was asked, and upon objection was changed to an inquiry as to why he did not wait. The answer was: "I had plenty of time to go in there, if he had only slowed up or made any attempt to slow up." The position thus taken is amply supported by the evidence. There is nothing upon which to base a finding that he was negligent.

*Judgments for the defendant.*

All concurred.